817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel SUMMERS, Plaintiff-Appellant,
v.
GEORGE WILSON, JOHN REES, TOM CAMPBELL, CAPT. MORGAN, LT.
ROCKIE CARTER, and LT. ALAN L. SIMS, Defendant-appellees.
 No. 86-6230.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's order granting summary judgment to the defendants in this prisoner's civil rights case. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 3
 Prison officials charged the plaintiff and two other prisoners with planning to escape from the Kentucky State Reformatory. The disciplinary committee found the prisoners guilty of the charges based upon information supplied by confidential informants. The prisoners filed the present complaint alleging that their due process rights were violated concerning the reliability of the confidential informants. After various proceedings, the district court granted summary judgment to the defendants. Only plaintiff Summers appealed from that order.
 
 
 4
 The plaintiff argues that his due process rights were violated because the disciplinary report did not indicate the reliability of the informants. This issue is without merit because, for security reasons, the statement of the disciplinary board may properly exclude certain items of evidence as long as the statement indicates the fact of omission. Wolff v. McDonnell, 418 U.S. 539, 565 (1974); King v. Wells, 760 F.2d 89, 93-94 (6th Cir.1985). The disciplinary report in the present case did indicate that it was relying upon information from confidential sources, and nothing more is necessary.
 
 
 5
 To protect an inmate's interest in a fair hearing, some indication of the reliability of a confidential informant is required. Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir.1985), cert. denied, 106 S.Ct. 2251 (1986). This information can be provided by an in camera presentation of evidence in the district court. Ponte v. Real, 471 U.S. 491, 497-99 (1985). In the present case, the defendants did present to the district court the investigating officer's report, which gave the details of the investigation while deleting the names of the confidential informants. This procedure was adequate.
 
 
 6
 Finally, the disciplinary proceedings must provide some evidence to show the reliability of the informants. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). This evidence can be supplied in the form of corroborating testimony or a statement of the investigating officer's assessment of the credibility of the confidential informant. Wagner v. Williford, 804 F.2d 1012, 1016 (7th Cir.1986); Mendoza, 779 F.2d at 1293.
 
 
 7
 In the present case, the copy of the investigating officer's report indicates that three confidential informants provided information concerning the escape plan. Moreover, the investigating officer himself observed the actions of one of the prisoners regarding details provided by one of the confidential informants. The officer also gave an assessment of the credibility of one of the confidential informants based on the informant's prior actions in providing information. Therefore, it is clear that the reliability of the confidential informants was adequately established in this case. So the district court was correct to grant summary judgment to the defendants.
 
 
 8
 The motion for counsel is denied. Upon consideration of the record and the plaintiff's document in support of his motion, we affirm the order of the district court under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation